UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| URBAN DEVELOPMENT VENTURES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No. 1:17-cv-1670-WTL-MPB ) |
| FRANCOIS E. MERCHO, et al., | ) ) |
| Defendants. | ) |

# ENTRY DISMSSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

In the Amended Complaint in this case, the Plaintiff requests the following relief:

1. a decree of judicial dissolution of [MIG Guilford Reserves LLC ("MIG/MHM")] and of [Diamond Investment Group I, LLC ("DIG")] pursuant to IC 23-18-9-2;
2. a full accounting of the financial affairs, profits, losses, capital and distributions of MIG/MHM and of DIG;
3. the winding up of the affairs of MIG/MHM and of DIG;
4. the liquidation at fair market value of the assets of MIG/MHM and of DIG and distributions of the proceeds to their creditors and then to the members, taking into account their respective ownership percentages and capital/equity balances;
5. an award of costs and expenses, including reasonable attorneys' fees; and
6. all further relief to which Plaintiff may be entitled.

Because MIG/MHM and DIG are not parties to this case, and because their joinder would destroy the Court's subject matter jurisdiction over this case because there would no longer be diversity of citizenship, the Court ordered the Plaintiff (and invited the Defendants) to brief the issue of whether complete relief can be granted in the absence of MIG/MHM and DIG, or whether this case must be dismissed pursuant to Federal Rule of Civil Procedure 19(b). Both sides have now filed briefs addressing the issue.

The Plaintiff argues that the joinder of MIG/MHM and DIG as defendants would not destroy diversity because they would be only nominal parties. While it is true that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy," *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980), the Court does not believe MIG/MHM and DIG would be nominal parties to this case. Rather, the Court, like the Eleventh Circuit in *Masters v. Harkleroad*, 303 F. App'x 859, 861 (11th Cir. 2008), finds no authority "holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin from engaging in any business activity is merely a nominal party."[1]

The Plaintiff next argues that even if MIG/MHM and DIG would not be nominal parties,[2] the case nevertheless should proceed without them pursuant to Rule 19(b), which provides:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:

---

[1]*Mortenson Family Dental Center, Inc. v. Heartland Dental Care, Inc.*, No. 12-5494, 526 Fed. App'x 506, 2013 U.S. App. LEXIS 9781, *5-6 (6th Cir. May 13, 2013), the case relied upon by the Plaintiff, did not involve a request to dissolve the LLC that was determined to be a nominal party; rather, the plaintiff in that case sought only a declaration of the plaintiff's and the defendant's ownership percentages in the LLC. Indeed, the Sixth Circuit noted that neither party in that case "ha[d] claimed that the LLC paid its members incorrectly under the terms of the agreement," while that claim is made in this case. *See* Amended Complaint ¶ 16 (Dkt. No. 5).

[2]The Plaintiff does not dispute that MIG/MHM and DIG each is a "person who is required to be joined if feasible" pursuant to Federal Rule of Civil Procedure 19(a). The Plaintiff does cite to *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir. 1990), and *McGee v. Dresnick*, 2005 WL 6244201 (N.D. Ill., Aug. 24, 2005), for the proposition that "the LLCs would only be indispensable parties to this action had Plaintiff brought derivative claims on behalf of the LLCs." Dkt. No. 35 at 6. This argument is without merit; those cases stand for the proposition that an LLC is *always* an indispensable party if the plaintiff is bringing a derivative claim, which is a far cry from the proposition that an LLC is *never* an indispensable party in any other situation.

        (A) protective provisions in the judgment;

        (B) shaping the relief; or

        (C) other measures;

   (3) whether a judgment rendered in the person's absence would be adequate; and

   (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

In this case, it is clear that MIG/MHM and DIG would be prejudiced by the relief sought by the Plaintiff—they would be dissolved. The Plaintiff's bare assertion that the dissolution of an LLC does not prejudice the LLC is a non-starter. It is also clear that the Plaintiff would have an adequate remedy if this case were dismissed; the Plaintiff could refile this case in state court, with MIG/MHM and DIG added as defendants. Thus the first and last factors weigh heavily in favor of dismissal.

      With regard to the second and third factors, the Plaintiff argues that the prejudice to MIG/MHM and DIG "could be avoided by having the Court stop short of ordering the dissolution and liquidation of the LLCs, instead adjudicating only the rights and liabilities of Plaintiff and Defendants as the sole members of the LLCs." Dkt. No. 35 at 6. That may be true, but that is not the case that the Plaintiff has filed. The Amended Complaint contains only one count, and it is for judicial dissolution of MIG/MHM and DIG. Thus while there likely is relief that could be afforded the Plaintiff in this suit without prejudicing MIG/MHM and DIG, that relief would not appear to be "adequate" in the sense that it is not the relief the Plaintiff actually filed this lawsuit in order to obtain. Thus, these factor also weigh in favor of dismissal.

For the reasons set forth above, the Court finds that the Amended Complaint must be, and therefore is, dismissed pursuant to Rule 19(b).[3]

SO ORDERED: 1/30/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[3] The Court recognizes that, in the last sentence of its response to the Order to Show Cause, the Plaintiff states the following: "If necessary to facilitate such an Order, Plaintiff requests leave of Court pursuant to Rule 15(a) to amend its Complaint so as to remove any doubt as to the necessity of joinder of the LLCs." Dkt. No. 35 at 7. That request is denied, inasmuch as the Plaintiff fails to explain what claim(s) it would bring in an amended complaint and why those claims would be more appropriately decided in this court, in the absence of MIG/MHM and DIG, rather than in a state court action in which the Plaintiff could seek all of the relief to which it believes it is entitled.